# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNARD TOCHOLKE,

    Plaintiff,

  v.                                                Case No. 12-CV-111

THOMAS W. ANDERSON, JR.,

    Defendant.

## DECISION AND ORDER DISMISSING CASE

On February 2, 2012, the Plaintiff, Bernard Tocholke ("Tocholke"), filed this action against Thomas W. Anderson, Jr. ("Anderson"), alleging Anderson violated his attorney's oath and the American Bar Association and Wisconsin Supreme Court Rules governing attorneys by making misrepresentations to the court. (Docket # 1 at 3-6.) Tocholke alleges Anderson violated 18 U.S.C. § 242 by depriving Tocholke of his "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." (*Id.* at 3.) For the reasons stated below, Tocholke's complaint is dismissed for failure to state a claim on which relief may be granted.

## ANALYSIS

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999); *see also* 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case at any time if the court determines that the action fails to state a claim on which relief may be granted. The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the

same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. A complaint should be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To begin, Tocholke has alleged a claim under 18 U.S.C. § 242. (Docket # 1 at 3.) This is a criminal statute for deprivation of rights under color of law. A private citizen cannot bring a cause of action under this statute. The United States Attorney holds the authority to prosecute violations of federal criminal statutes. As such, Tocholke's claim under 18 U.S.C. § 242 must fail. However, 42 U.S.C. § 1983 provides a civil cause of action for deprivation of rights under color of law. Thus, the Court will construe Tocholke's complaint as alleging a violation under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Tocholke's complaint is deficient in that he fails to allege Anderson acted under color of state law.

"Acted under color of state law" is a term of art under § 1983. The defendants in § 1983 cases are usually government officials. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010); *see also Wilson v. Price,* 624 F.3d 389, 394 (7th Cir. 2010)("A private citizen may not be liable under § 1983 unless the citizen becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights."). Although private persons may be sued under § 1983

when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful. *London*, 600 F.3d at 746.

Two conditions must be satisfied in order for a private party's actions to be deemed taken under color of state law. First, the alleged deprivation of federal rights must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible. *Id.* Misuse of a state law by a private party, however, does not satisfy this requirement. *Id.* Second, the private party must be a person who may fairly be said to be a state actor. *Id.*

Even reading Tocholke's complaint deferentially, he has not alleged Anderson acted under color of state law. Rather, Tocholke alleges misconduct by Anderson as a private attorney, specifically alleging Anderson made false statements to the court regarding Tocholke's income, Tocholke's ex-wife's work history, and the education of his children. (Docket # 1 at 3-6.) Because Tocholke has not alleged any action by Anderson was taken under color of state law, Anderson may not be held liable under § 1983. If Tocholke believes Anderson, a private actor, violated his attorney's oath or any of the rules of professional conduct for attorneys, the proper remedy would be to file a grievance with the Wisconsin Office of Lawyer Regulation, not to file a complaint in federal court.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the complaint is **DISMISSED** for failure to state a claim on which relief may be granted. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of February, 2012.

                                          BY THE COURT

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge