# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BERNARD TOCHOLKE,**

    **Plaintiff,**

  v.                                                                              Case No. 12-CV-111

**THOMAS W. ANDERSON, JR.,**

    **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On February 2, 2012, the Plaintiff, Bernard Tocholke ("Tocholke"), filed this action against Thomas W. Anderson, Jr. ("Anderson"), alleging Anderson violated his attorney's oath and the American Bar Association and Wisconsin Supreme Court Rules governing attorneys by making misrepresentations to the court. (Docket # 1 at 3-6.) Tocholke alleges Anderson violated 18 U.S.C. § 242 by depriving Tocholke of his "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." (*Id.* at 3.)

On February 7, 2012, this Court entered an order dismissing Tocholke's complaint for failure to state a claim on which relief may be granted. (Docket # 3.) On February 15, 2012, Tocholke filed a motion for reconsideration of this Court's decision. (Docket # 7.) On February 17, 2012, the clerk of courts sent a letter to Tocholke notifying him the check for his filing fee in this action was returned unpaid due to insufficient funds. (Docket # 6.) Tocholke subsequently filed a motion for leave to proceed in forma pauperis. (Docket # 9.) For the reasons stated below, Tocholke's motions for reconsideration and for leave to proceed in forma pauperis are denied.

## MOTION FOR RECONSIDERATION

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Tocholke takes issue with this Court's decision by arguing the plain language of 18 U.S.C. § 242 does not limit the authority to prosecute violations of federal criminal statutes to the United States Attorney. Once again, 18 U.S.C. § 242 is a federal criminal statute.[1] Federal law gives the United States attorney the authority to prosecute violations of federal criminal laws.[2] 28 U.S.C. § 547(1) ("[E]ach United States attorney, within his district, shall prosecute for all offenses against the United States."). Tocholke disagrees with this Court's statement in the order dismissing this action

---

[1] Tocholke attached to his motion a document from the United States Justice Department which informs him that 18 U.S.C.§ 242 is a criminal statute. In addition to providing a text of the statute, the document also provide a summary. It states, in part: Section 242 of Title 18 makes it a **crime** for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. (emphasis added).

[2] Of course, any citizen may file a complaint with the U.S. Attorney. However, the charging decision lies within the discretion of the U.S. Attorney.

- 2 -

that private citizens cannot prosecute violations of federal criminal statutes. However, he cites to no legal authority to the contrary. And this Court is not aware of any. Accordingly, Tocholke has not shown any error warranting reconsideration.

Because Tocholke could not state a claim under 18 U.S.C. § 242, this Court construed Tocholke's complaint as alleging a violation of 42 U.S.C. § 1983, the civil counterpart to 18 U.S.C. § 242 that provides a civil cause of action for deprivation of rights under color of law. The Court found Tocholke failed to allege the defendant, a private citizen, acted under color of state law. In his motion for reconsideration, Tocholke now alleges Anderson conspired with judges and a court commissioner to calculate inaccurate numbers concerning his income. This is not newly discovered evidence - Tocholke refers to the allegedly inaccurate income calculation in his original complaint. Thus, it is improper to raise these arguments in a motion for reconsideration. However, in the interest of completeness, the Court will address Tocholke's new arguments.

To establish § 1983 liability through a conspiracy, a plaintiff must establish that: (1) a state official and a private individual reached an understanding to deprive plaintiff of his constitutional rights; and (2) the individual was a willful participant in joint activity with the State or its agents. *Logan v. Wilkins,* 644 F.3d 577, 583 (7th Cir. 2011). Tocholke has not shown Anderson reached an understanding with any state official to deprive him of his constitutional rights. Regarding the court commissioner, Tocholke makes the vague and conclusory allegation that Anderson and a court commissioner "fabricat[ed] together" the "original calculation." He does not state how Anderson and the court commissioner reached an agreement to deprive Tocholke of his constitutional rights. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers

- 3 -

Case 2:12-cv-00111-NJ    Filed 03/01/12    Page 3 of 6    Document 11

"'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Tocholke alleges that Anderson presented a false number regarding his income to the judge and the judge accepted Anderson's calculation over Tocholke's, thus showing a conspiracy between the judge and Anderson. Being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, Tocholke's new arguments regarding an alleged conspiracy between Anderson and state officials do not change this Court's prior decision that Tocholke failed to state a claim under 42 U.S.C. § 1983.

Finally, Tocholke questions why this Court dismissed his complaint prior to the defendant submitting an answer. As this Court stated in its original Order, district courts have the authority to screen complaints filed by all litigants, and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case *at any time* if the court determines that the action fails to state a claim on which relief may be granted. (emphasis added). Dismissals are often made *sua sponte* prior to the issuance of process. *See e.g.*, *Cleveland v. Griffin*, No. 10-C-120, 2010 WL 1903755 (E.D. Wis. May 10, 2010)(dismissing case for failure to state a claim prior to service on the defendant); *Grover v. Biskupic*, 08-C-960, 2009 WL 4755309 (E.D. Wis. Dec. 4, 2009)(stating a district court "may screen the complaint prior to service on the defendants" and dismissing the case for failure to state a claim prior to service). As such, it was proper for the Court to dismiss Tocholke's complaint for failure to state a claim prior to the issuance of process.

For the reasons stated above, Tocholke's Motion for Reconsideration is denied.

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

In addition to Tocholke's Motion for Reconsideration, Tocholke files a motion for leave to proceed in forma pauperis. This motion comes on the heels of Tocholke receiving notice that his check for the filing fee in this case was returned unpaid due to insufficient funds. The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

To authorize a litigant to proceed in forma pauperis, the court must make two determinations. First, the court must determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In this case, the Court has already determined that Tocholke's complaint fails to state a claim on which relief may be granted. Therefore, even if this Court were to determine Tocholke was indigent, the motion to proceed in forma pauperis fails because Tocholke's complaint failed to state a claim on which relief may be granted. On this ground, Tocholke's motion for leave to proceed in forma pauperis is denied. The clerk of court assessed a $53 service charge for the returned check which Tocholke must pay.

Finally, Tocholke filed a "Notice of Possible Appeal." (Docket # 10.) In it, Tocholke expressed "confusion about the status of his case" and his right to appeal. Lest there be any

confusion: this is a final order which Tocholke may appeal pursuant to 28 U.S.C. § 636(c)(3) and Fed.R.Civ.P. 73(c).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Motion for Reconsideration (Docket # 7) is **DENIED** and plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket # 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of March, 2012.

                                                       BY THE COURT

                                                    *s/ Nancy Joseph*
                                                    NANCY JOSEPH
                                                    United States Magistrate Judge